PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS ENRIQUE CANO, Defendant and Appellant.

No. 4904. Argued April 4, 1933.—Decided July 11, 1933.

*E. Ramos Antonini* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Cano was convicted of statutory rape and moved for a new trial. A witness had been asked about his idea of defendant's moral character and reputation. The prosecuting attorney had objected on the ground that the mental impression of the witness and the reputation of defendant were of no importance whatever. The judge had sustained this objection and defendant had taken an exception. Error in sustaining this objection was one of the grounds set forth in the motion for a new trial. Another ground was alleged error in overruling a motion to direct a verdict of acquittal. Another ground was that the verdict was contrary to the law

and the evidence. Newly discovered evidence was one of several other grounds. Because of this newly discovered evidence a new trial was granted. The order granting a new trial was reversed in *People* v. *Cano*, 43 P.R.R. 167. As pointed out in the opinion, defendant did not file any brief and did not appear at the hearing in this Court. If he had done either of these things, perhaps the order appealed from might have been affirmed. Some idea of the doubts entertained by the trial judge shortly after the trial, may be gathered from the facts outlined in the opinion on which a reversal was based.

When defendant was again called upon to state what reasons if any he had why sentence should not be pronounced, he renewed his motion for a new trial on all of the grounds set forth in the original motion, except that of newly discovered evidence whereby he had raised the only question directly passed upon by the district court in disposing of the original motion and by this Court on the former appeal. He now appeals from an order overruling this motion and from the judgment which followed.

In overruling defendant's second motion for a new trial the district judge said that notwithstanding the extraordinary nature of the case he would never set aside the verdict of the jury because of the insufficiency of the evidence but would leave that question to be disposed of by the Supreme Court. On the former appeal this Court referring to a more extended commentary by the district judge upon the extraordinary nature of the case said that: "The other circumstances referred to by the court in regard to the alleged manner of the commission of the crime and as to the way the defendant acted in his own home might be properly alleged in an appeal from the judgment on the ground of insufficiency of the evidence but not on a motion for a new trial on newly discovered evidence." The district judge seems to have been largely influenced by this dictum in reaching his

decision that he would not pass upon the question as to the sufficiency of the evidence to support the verdict but would leave that question open for determination by this Court on appeal. This, of course, was error. If the district judge was satisfied that the evidence was insufficient, he should have set aside the verdict. If not so satisfied, he should have overruled the motion for that reason, unless convinced that it should be granted on some other ground.

Neither at the time of granting a new trial nor at the time of overruling the second motion for a new trial did the district judge make any mention of the contention that he had erred in excluding testimony as to defendant's good character. The right of the defendant to prove his good character is one thing. The manner in which that character should be proved is another. Counsel on both sides of the instant case are now conversant with the generally recognized method of establishing the good character of a defendant and with the sharp criticism of that method which may lead to some modification thereof in the future. Putting aside for the purposes of this opinion any question of acquaintance and opportunity for observation, we cannot concur in the view that neither the mental impression of a witness concerning the good character of the defendant nor the reputation of such defendant is a matter of no importance whatever.

The order and judgment appealed from will be reversed and the case remanded for a new trial.